## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Norfolk Division

ALDO DIBELARDINO,

     Plaintiff,

     v.

JASON S. MIYARES, *et al.*,

     Defendants.

Case No. 2:23-cv-225

### MEMORANDUM DISMISSAL ORDER

Plaintiff Aldo DiBelardino, appearing *pro se*, filed this action against Defendants Attorney General Jason S. Miyares ("Attorney General Miyares"), Peter V. Chiusano ("Chiusano"), Mark S. Smith ("Smith"), Roger J. Griffin ("Griffin"), Kristi A. Wooten ("Wooten"),[1] Judge Stephen C. Mahan ("Judge Mahan"), Judge Steven C. Frucci ("Judge Frucci"), Judge Leslie L. Lilley ("Judge Lilley"), Judge A. Bonwill Shockley ("Judge Shockley"), Judge Michael E. McGinty ("Judge McGinty"), and Judge Louis R. Lerner ("Judge Lerner").[2] ECF No. 3. This matter is before the Court on the following motions:

> (i)    The Judicial Defendants and Defendant Attorney General Miyares's Motion to Dismiss, ECF No. 5;
>
> (ii)   Defendant Wooten's Motion to Dismiss, ECF No. 13;

---

[1] The plaintiff misspelled this defendant's first name in his Amended Complaint. ECF No. 13 (explaining that this defendant's first name is "Kristi" as opposed to "Kristie"). The Clerk is **DIRECTED** to update the docket to reflect the correct spelling of this defendant's first name.

[2] The Court refers to Judge Mahan, Judge Frucci, Judge Lilley, Judge Shockley, Judge McGinty, and Judge Lerner collectively as the "Judicial Defendants."

(iii)    Defendant Chiusano's Motion to Dismiss, ECF No. 17;

(iv)    Defendants Smith and Griffin's Motion to Dismiss, ECF No. 20;

(v)    Defendants Smith and Griffin's Motion for Leave to File Untimely Reply, ECF No. 33; and

(vi)    the plaintiff's "Plea for Protections and Permission to Amend or Refile Complaint with RICO and Class Action Claims" ("Motion to Amend"), ECF No. 39.

The Court has considered the arguments in the parties' briefing and concluded there is no need to hold a hearing on the motions. *See* Fed. R. Civ. P. 78; E.D. Va. Loc. Civ. R. 7(J). For the reasons set forth below, Defendants Smith and Griffin's Motion for Leave to File Untimely Reply (ECF No. 33) is **GRANTED**; the defendants' Motions to Dismiss (ECF Nos. 5, 13, 17, and 20) are **GRANTED**; the plaintiff's Motion to Amend (ECF No. 39) is **DENIED**; and this civil action is **DISMISSED.**

## I.    THE AMENDED COMPLAINT[3]

The plaintiff brings the instant action pursuant to 42 U.S.C. § 1983 and alleges that various defendants, as detailed below, violated his "civil, due process, and equal protection rights"[4] throughout his divorce proceedings. ECF No. 3 at 1, 5–6. In August 2020, the plaintiff's wife initiated divorce proceedings against the plaintiff in the Virginia Beach Circuit Court (Case No. CL20-5287). *Id.* at 5. Defendant Chiusano

---

[3] The Court treats the factual allegations set forth in the Amended Complaint as true for purposes of resolving the pending dismissal motions. *See Bing v. Brivo Sys.*, LLC, 959 F.3d 605, 616 (4th Cir. 2020).

[4] The Court notes that the Amended Complaint also contains a passing reference to the Racketeer Influenced and Corrupt Organizations Act ("RICO") and fraud. ECF No. 3, at 4. However, the Court does not construe the plaintiff's Amended Complaint as asserting such claims. Notably, the plaintiff has since filed a Motion to Amend, in which he seeks permission to add a RICO claim, "class action claims," and fraud-related claims to this lawsuit. ECF No. 39. The Court reviews the merits of the plaintiff's Motion to Amend in Part III of this Memorandum Dismissal Order. *See infra* Part III.

served as the attorney for the plaintiff's wife. ECF No. 3-2 at 1–3. The plaintiff was initially represented by Defendants Smith and Griffin; however, Defendant Wooten was later substituted for Defendants Smith and Griffin as the plaintiff's attorney. *Id.* at 3–4.

The plaintiff was displeased with the legal representation he received during the divorce proceedings, and at some point in time, filed legal malpractice actions against Defendants Smith, Griffin, and Wooten in the Virginia Beach Circuit Court (Case Nos. CL22-2014 and CL22-2015). ECF No. 3 at 3–4, 7. The Judicial Defendants presided over certain matters involving the plaintiff's divorce action and/or legal malpractice actions. *Id.* at 5–8.

The plaintiff claims that all the attorneys and judges involved in his state court matters "systematically subverted facts, codes, laws, rules, and oaths."[5] ECF No. 3 at 5. To support his claim, the plaintiff alleges, among other things, that (i) the divorce action "was improperly filed and re-filed . . . with objectively false claims"; (ii) the "VBCC officers were dishonest" and "manipulat[ed] the court and public record"; (iii) the plaintiff was "threatened [with] incarceration" and "issued unfounded contempt charges [and] fines for alleged incivility"; (iv) the "VBCC officers . . . deceived the court by withholding material information"; and (v) a hearing was held in the

---

[5] Throughout his Amended Complaint, the plaintiff uses "VBCC" to refer to the Virginia Beach Circuit Court. ECF No. 3 at 4. At times, the plaintiff refers to the attorneys and judges involved in his state court matters collectively as the "VBCC officers." *Id.* at 5–8.

3

plaintiff's absence, despite his request for a continuance due to health issues. *Id.* at 5–8.

The plaintiff also attributes specific wrongful conduct to each named defendant. ECF No. 3-2, at 1–8. For example, the plaintiff alleges that Defendant Chiusano filed improper claims, "requested a burdensome amount of discovery," misrepresented the plaintiff's discovery responses, failed to adequately respond to discovery, caused delays, distorted relevant facts, and made false representations to the court. *Id.* at 1–3.

The plaintiff alleges that Defendants Smith and Griffin "pursued their own interests" instead of the plaintiff's interests, failed to effectively and promptly "disclose material information," "neglect[ed] to expose . . . [a] jurisdictional issue," failed to "timely docket[]" a demurrer, "failed to secure a timely order to protect [the plaintiff's] marital assets," caused delays, and failed to represent the plaintiff's interests "zealously, competently, or with integrity." ECF No. 3 at 3.

The plaintiff asserts that Defendant Wooten, like Defendants Smith and Griffin, "pursued her own interests" instead of the plaintiff's interests, failed to "effectively and properly" "disclose material information," "failed to secure a timely order to protect [the plaintiff's] marital assets," caused the issuance of an order "to compel and . . . to bar evidence" by failing to share certain discovery responses with Defendant Chiusano, "failed to safeguard" the plaintiff "in the face of damaging actions by" Defendant Chiusano, and took "essential case materials" with her after she withdrew as legal counsel for the plaintiff. ECF No. 3 at 3–4.

The plaintiff further avers that Judge Mahan failed to acknowledge that the divorce action "was improperly filed," failed to address certain jurisdictional issues, improperly fined the plaintiff "for alleged incivility," ordered "monthly support" for the plaintiff's wife "at a punitive amount," improperly ordered the advancement of "expert fees," and "relied on false allegations from court officers . . . at the expense" of the plaintiff. ECF No. 3 at 5.

The plaintiff alleges that Judge Frucci "escalated the . . . harassment" in the divorce proceedings with threats of jailing the plaintiff, ignored the plaintiff's requests for a continuance, improperly "compel[led] discovery without hearing arguments," and "relied on false allegations from court officers . . . at the expense" of the plaintiff. ECF No. 3 at 5–6.

The plaintiff appears to claim that Judge Lilley failed to adequately respond to a request for a reassignment that the plaintiff filed in the divorce action and failed to respond to the plaintiff's "request for an emergency hearing." *Id.* ECF No. 3 at 6.

The plaintiff contends that Judge Shockley failed to address certain jurisdictional issues during a court hearing, proceeded with a hearing in the plaintiff's absence, issued "false orders and rulings" against the plaintiff, improperly ordered a capias for the plaintiff's arrest, ignored the plaintiff's requests for reconsideration and for hearings, and "relied on false allegations from court officers . . . at the expense" of the plaintiff. ECF No. 3 at 6–7.

The plaintiff alleges that Judge McGinty, who presided over the plaintiff's legal malpractice actions, "endangered" the plaintiff's health "by refusing to reschedule" a

hearing despite being advised that the plaintiff suffered from "an unstable spine" due to a "recent surgery." ECF No. 3 at 7. The plaintiff further alleges that Judge McGinty improperly dismissed both legal malpractice actions and "relied on false allegations from court officers . . . at the expense" of the plaintiff. *Id.* at 7–8.

The plaintiff claims that Judge Lerner scheduled a hearing in the divorce action "120 days" after the plaintiff's initial hearing request, causing delays in the proceeding. ECF No. 3 at 8. The plaintiff further alleges that Judge Lerner failed to address certain jurisdictional issues, improperly dismissed "17 pending motions" filed by the plaintiff, threatened the plaintiff with jail, and "relied on false allegations from court officers . . . at the expense" of the plaintiff. *Id.*

With respect to Attorney General Miyares, the plaintiff alleges that the Virginia Attorney General's Office knew of the plaintiff's experiences in his state court actions "via multiple consumer and whistleblower complaints," but the Office failed to provide any responses. ECF No. 3 at 1. The plaintiff further alleges that he has since filed a "whistleblower complaint" against the Virginia Beach Circuit Court judges, and the Attorney General's Office "is representing the [d]efendants." *Id.*; *see* ECF No. 3-3. The plaintiff believes that "the use of public funds to defend court officers accused of public fraud is a conflict of interest, and contributes to the breach of civil rights, due process, equal protection, and the rule of law." ECF No. 3-2 at 1.

As relief, the plaintiff asks the Court to "[i]ssue a preliminary injunction to halt the VBCC and all named [d]efendants from perpetuating civil rights, due process, and equal protection infringements and fraud upon the public." ECF No. 3

6

at 9. The plaintiff requests that the injunction include language that "dismiss[es]" the state court divorce proceeding. *Id.* Additionally, the plaintiff generally requests "federal protections and provisions," as well as "any further relief that the [C]ourt deems just and proper." *Id.*

## II.    THE MOTIONS TO DISMISS[6]

### A.    Legal Standards

The defendants seek dismissal of this action pursuant to Rules 12(b)(1) and/or 12(b)(6) of the Federal Rules of Civil Procedure. Dismissal is warranted under Fed. R. Civ. P. 12(b)(1) for any claims over which the Court lacks subject matter jurisdiction. The plaintiff bears the burden of proving that subject matter jurisdiction exists by a preponderance of the evidence (or more likely than not). *United States ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 347–48 (4th Cir. 2009). A Rule 12(b)(1) motion to dismiss should be granted "only if the material jurisdictional facts are not in

---

[6] When the defendants filed their respective dismissal motions, they also provided the *pro se* plaintiff with proper *Roseboro* Notices pursuant to Rule 7(K) of the Local Civil Rules of the United States District Court for the Eastern District of Virginia. ECF Nos. 5, 13, 15, 17, 20; *see Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975); *see also* E.D. Va. Loc. Civ. R. 7(K). The plaintiff filed timely Oppositions to all of the dismissal motions. ECF Nos. 22, 24, 25, 26, 27. Defendants Smith and Griffin did not file a timely Reply. However, Defendants Smith and Griffin filed a Reply one day after their deadline to do so expired. ECF No. 30. The defendants subsequently filed a Motion for Leave to File Untimely Reply, in which they (i) explain that counsel inadvertently mis-calendared the filing deadline; and (ii) ask the Court to excuse their untimeliness. ECF No. 33. Defendants Smith and Griffin attached a copy of a proposed Reply to their motion. ECF No. 33-1. The Court finds good cause to accept the defendants' reply. Accordingly, Defendants Smith and Griffin's Motion for Leave to File Untimely Reply (ECF No. 33) is **GRANTED.** The Clerk is **DIRECTED** to file Defendants Smith and Griffin's proposed Reply, currently docketed at ECF No. 33-1, as a separate entry on the docket. The Court will consider Defendants Smith and Griffin's Reply (ECF No. 33-1) in its analysis of their Motion to Dismiss (ECF No. 20).

dispute and the moving party is entitled to prevail as a matter of law." *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999) (quoting *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991)).

A motion to dismiss under Rule 12(b)(6) should be granted if a complaint fails to "allege facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A Rule 12(b)(6) motion "tests the sufficiency of a complaint and 'does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'" *Johnson v. Portfolio Recovery Assocs., LLC*, 682 F. Supp. 2d 560, 567 (E.D. Va. 2009) (quoting *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992)). "Although the truth of the facts alleged is assumed, courts are not bound by the 'legal conclusions drawn from the facts' and 'need not accept as true unwarranted inferences, unreasonable conclusions, or arguments.'" *Id.* (quoting *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000)).

"In cases where the plaintiff appears *pro se*, courts do not expect the *pro se* plaintiff to frame legal issues with the clarity and precision expected from lawyers." *Suggs v. M&T Bank*, 230 F. Supp. 3d 458, 461 (E.D. Va. 2017). In such cases, courts are required to construe the operative complaint liberally. *Id.* However, courts "cannot act as a *pro se* litigant's 'advocate and develop, [on its own], . . . claims that the [litigant] failed to clearly raise on the face of [the] complaint.'" *Bolton v. Chesterfield Cnty. Sch. Bd.*, No. 3:19-cv-558, 2020 WL 5750896, at *2 (E.D. Va. Sept. 25, 2020) (alterations in original) (citation omitted); *see Jackson v. Wilhelm Rest.*

8

*Grp., Inc.*, No. 1:22-cv-165, 2022 WL 982361, at *2 (E.D. Va. Mar. 30, 2022) (explaining that a court's requirement to liberally construe a *pro se* complaint "neither excuses a *pro se* plaintiff of his obligation to 'clear the modest hurdle of stating a plausible claim' nor transforms the court into his advocate" (citation omitted)).

### B.    Analysis

#### i.    *Judicial Immunity: The Judicial Defendants*

As summarized above, the plaintiff asserts § 1983 claims in this action and seeks injunctive relief. ECF No. 3 at 1–9; ECF No. 3-2 at 1–8. The Judicial Defendants argue that the claims asserted against them are barred by the doctrine of judicial immunity.[7]  ECF No. 6 at 8–10. It is a well-settled principle that "judges, in exercising the authority vested in them, are absolutely immune from civil suits brought under . . . § 1983 for money damages." *Andrews v. Paxson*, No. 3:11-cv-518, 2012 WL 526290, at *2 (E.D. Va. Feb. 16, 2012) (citing *Mireles v. Waco*, 502 U.S. 9, 9–10 (1991); *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985)); *see Stump v. Sparkman*, 435 U.S. 349, 355–56 (1978).

"Traditionally, judicial immunity only applied in actions for money damages." *Clay v. Osteen*, No. 1:10-cv-399, 2010 WL 4116882, at *4 (M.D.N.C. Oct. 19, 2010) (citing *Pulliam v. Allen*, 466 U.S. 522, 541–42 (1984)). However, Congress enacted

---

[7] As this Court has explained, "[a]lthough somewhat distinct from subject matter jurisdiction, courts have often considered immunity arguments, including arguments of judicial immunity, on Rule 12(b)(1) motions to dismiss." *Guan v. Bell*, No. 1:21-cv-752, 2021 WL 6048786, at *2 (E.D. Va. Nov. 30, 2021) (citation omitted); *see Crawford v. Hughes*, No. 3:20-cv-813, 2021 WL 2125031, at *5 n.15 (E.D. Va. May 25, 2021).

the Federal Courts Improvement Act of 1996, which amended the language of § 1983. *Id*. at \*9–10; *see Key v. Lilley*, No. 2:16-cv-130, 2016 WL 8292132, at \*4 (E.D. Va. June 29, 2016). Section 1983 now provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. As such, "the doctrine of judicial immunity in [§] 1983 now extends to suits for injunctive relief." *Clay*, 2010 WL 4116882, at \*4 (citing *Roth v. King*, 449 F.3d 1272, 1296 (D.C. Cir. 2006)); *see Lepelletier v. Tran*, 633 F. App'x 126, 127 (4th Cir. 2016) (finding that a plaintiff's claims for "injunctive relief against a sitting state court judge for actions taken in his judicial capacity . . . were barred by the plain language . . . of § 1983"); *Rickman v. Logan*, No. 5:14-cv-11, 2014 WL 1654898, at \*1 n.1 (W.D. Va. Apr. 24, 2014) (explaining that "the doctrine of judicial immunity in [§] 1983 now extends to suits for injunctive relief"); *Andrews*, 2012 WL 526290, at \*4 (explaining that injunctive relief is unavailable "against a judicial officer for an act or omission taken in such officer's judicial capacity" "unless a declaratory decree was violated or declaratory relief was unavailable").

"Absolute judicial immunity exists 'because it is recognized that judicial officers in whom discretion is entrusted must be able to exercise discretion vigorously and effectively, without apprehension that they will be subjected to burdensome and vexatious litigation.'" *Lesane v. Spencer*, No. 3:09-cv-012, 2009 WL 4730716, at \*2 (E.D. Va. Dec. 8, 2009) (citations omitted). A judge is entitled to immunity even if "the action he took was in error, was done maliciously, or was in excess of his authority."

10

*Stump*, 435 U.S. at 356. Only two exceptions apply to judicial immunity: (1) nonjudicial actions and (2) those actions "though judicial in nature, taken in complete absence of all jurisdiction." *Mireles*, 502 U.S. at 11–12 (citation omitted). When analyzing the applicability of judicial immunity, the United States Supreme Court explains that "the factors determining whether an act by a judge is a 'judicial' one relate to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." *Stump*, 435 U.S. at 362–63 (adding that "[d]isagreement with the action taken by the judge, however, does not justify depriving that judge of his immunity").

The Judicial Defendants argue that (i) the allegations asserted against them in the Amended Complaint "concern only judicial acts" that took place "during and in the course of state court proceedings"; (ii) "[t]he acts in question are the type of acts judges normally perform—adjudicating trials, issuing orders, hearing oral argument, *et cetera*"; and (iii) "the Judicial Defendants acted, at all times, within their jurisdiction." ECF No. 6 at 10.

In his Opposition, the plaintiff appears to argue that the doctrine of judicial immunity should not apply to the case at hand because the state court actions involved jurisdictional questions that the various judges did not adequately address. ECF No. 22 at 22–23. The Court is not persuaded by the plaintiff's arguments.

It is clear to the Court that the alleged actions of the Judicial Defendants were judicial acts involving matters over which the Judicial Defendants had jurisdiction.

11

*See Crawford v. Hughes,* No. 3:20-cv-813, 2021 WL 2125031, at *6 (E.D. Va. May 25, 2021) (explaining that "a judicial officer presiding over a Virginia Circuit Court" has "jurisdiction over the subject matter before him"). Further, the plaintiff alleges neither the violation of a declaratory decree by the Judicial Defendants, nor the unavailability of declaratory relief. Thus, the Court finds that the plaintiff has not established the applicability of the exception to the prohibition of injunctive relief against a judicial officer under § 1983. *See* 42 U.S.C. § 1983 (explaining that injunctive relief shall not be granted "against a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable"); *Murphy v. Ross,* No. 3:14-cv-870, 2015 WL 1787351, at *3 (E.D. Va. Apr. 15, 2015) (explaining that a "declaratory decree," as referenced in § 1983, "refers to an order directing *a particular judicial officer* to take or refrain from taking a particular action in a particular dispute" (citation omitted)).

For these reasons, the Court finds that the claims asserted against the Judicial Defendants in this action are barred by the doctrine of judicial immunity. Accordingly, the Motion to Dismiss filed by the Judicial Defendants and Attorney General Miyares (ECF No. 5) is **GRANTED** as to the Judicial Defendants.

### ii.    State Action Requirement: Wooten, Chiusano, Smith, and Griffin

To state a § 1983 violation, a plaintiff must allege that: (i) a right secured by the Constitution or laws of the United States was violated; and (ii) the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*,

487 U.S. 42, 48 (1988). The conduct necessary to implicate § 1983 must be "fairly attributable to the State." *Id.* at 54. The person charged must either be a state actor or have a sufficiently close relationship with state actors such that a court would conclude that the non-state actor is engaged in the state's actions." *DeBauche v. Trani*, 191 F.3d 499, 506 (4th Cir. 1999) (citations omitted). Although a private person may be considered to act under color of state law if he or she is a "willful participant[] in joint activity with state officials," a plaintiff seeking to allege such joint activity must plead "more than a naked assertion of conspiracy between a state actor and private parties." *Worthington v. Palmer*, No. 3:15-cv-410, 2015 WL 7571822, at *5 (E.D. Va. Nov. 24, 2015). The plaintiff "must plausibly allege that Defendants acted jointly in concert, and that some overt act was done in furtherance of the conspiracy that resulted in the plaintiff's deprivation of some constitutional right." *Id.*

In their respective dismissal motions, Defendants Wooten, Chiusano, Smith, and Griffin argue that the plaintiff's § 1983 claims necessarily fail, as asserted against them, because they are private attorneys who did not act under color of state law. ECF No. 14 at 7; ECF No. 18 at 9–10; ECF No. 21 at 5–7. In response, the plaintiff appears to argue that Defendants Wooten, Chiusano, Smith, and Griffin should be considered to be state actors because, as an attorney, they "sw[ore] an oath to uphold the constitution." ECF No. 25 at 8. Additionally, the plaintiff appears to argue that Defendants Wooten, Chiusano, Smith, and Griffin, although private persons, should be considered state actors because they worked with other state

actors, such as the "VBCC officers," to violate the plaintiff's rights. ECF No. 26 at 10; ECF No. 24 at 7–9.

Upon review, the Court finds that the plaintiff has not established that Defendants Wooten, Chiusano, Smith, or Griffin may properly be considered to be state actors. These defendants simply served as private attorneys for litigants in a divorce proceeding. ECF No. 3-2 at 1–3; ECF No. 33-1 at 3; *see Worthington*, 2015 WL 7571822, at *5 (explaining that "an attorney, whether retained, court-appointed, or public defender, does not act under color of state law" (citation omitted)). The Court further finds that the plaintiff's allegations of joint activity with other state actors are no more than "naked assertion[s] of conspiracy" that are insufficient to allow this Court to consider Defendants Wooten, Chiusano, Smith, or Griffin to be state actors. *Worthington*, 2015 WL 7571822, at *5. (citation omitted). Without an adequate showing of state action, the plaintiff cannot allege a plausible § 1983 claim against Defendants Wooten, Chiusano, Smith, or Griffin. For this reason, the Motions to Dismiss filed by Defendants Wooten, Chiusano, Smith, and Griffin (ECF Nos. 13, 17, and 20) are **GRANTED**.

### iii.    *Eleventh Amendment Immunity: Attorney General Miyares*

As summarized above, the plaintiff asserts a § 1983 claim against Attorney General Miyares based on (i) the alleged failure of the Attorney General's Office to respond to "multiple consumer and whistleblower complaints" submitted; and (ii) the decision of the Attorney General's Office to represent certain state court judges in a "whistleblower complaint" the plaintiff filed in the Virginia Beach Circuit Court. ECF

14

No. 3-2 at 1. Attorney General Miyares argues, among other things, that the claims asserted against him are official capacity claims that are barred by the doctrine of sovereign immunity. ECF No. 6 at 10–12.

The Eleventh Amendment states that federal courts are prohibited from hearing "any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. "The Supreme Court has held that the Eleventh Amendment is an embodiment of the broader principle of sovereign immunity, which precludes federal courts from hearing suits against a state by its own citizens." *Id.* (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98 (1984)). Notably, a state officer acting in his official capacity, such as Attorney General Miyares, is also entitled to sovereign immunity under the Eleventh Amendment. As courts have explained, "'a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office,'" and "'as such, it is no different from a suit against the State itself.'" *Gray v. Laws*, 51 F.3d 426, 430 (4th Cir. 1995) (quoting *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)).

There are three exceptions to Eleventh Amendment immunity, which include: (1) when Congress abrogates that immunity, (2) when a state waives immunity "by consenting to be sued in federal court," and (3) when a "private citizen" seeks "injunctive relief against state officers in their official capacities" under the *Ex parte Young* doctrine. *Litman v. George Mason Univ.*, 186 F.3d 544, 550 (4th Cir. 1999) (citations omitted); *Reed v. Goertz*, 598 U.S. 230, 234 (2023) (citation omitted).

With respect to the third exception, i.e., the *Ex parte Young* doctrine, the Fourth Circuit has explained that this doctrine "does not apply to officers who have only a general obligation to enforce all laws of the state and who lack a 'special relation' to the specific law or action being challenged." *Stinnie v. Holcomb*, 734 F. App'x 858, 874 (4th Cir. 2018) (quoting *Ex parte Young*, 209 U.S. 123, 157 (1908)). "To meet this 'special relation' requirement, the defendant must have both 'proximity to and responsibility for the challenged state action,' such that 'a federal injunction will be effective with respect to the underlying claims.'" *Id.* at 874–75 (quoting *S.C. Wildlife Fed'n v. Limehouse*, 549 F.3d 324, 333 (4th Cir. 2008)). "The 'special relation' requirement therefore protects officials like state governors and attorneys general, who 'in a general sense' are 'charged with the execution of all [state] laws,' absent any additional linkage between their position and the challenged laws." *Id.* at 874 (quoting *Ex parte Young*, 209 U.S. at 157).

Neither Attorney General Miyares nor the Commonwealth of Virginia waived sovereign immunity in this action, and there has been no congressional abrogation of sovereign immunity as to claims asserted under § 1983. *In re Sec'y of the Dep't of Crime Control & Pub. Safety*, 7 F.3d 1140, 1149 (4th Cir. 1993). Although the plaintiff seeks injunctive relief in this action, Attorney General Miyares argues that the *Ex parte Young* exception to the sovereign immunity doctrine does not apply because the plaintiff has not adequately alleged a "special relation" between Attorney General Miyares and the actions challenged in this lawsuit.[8]  ECF No. 6 at 11–12.

---

[8]  The plaintiff's Opposition does not meaningfully address Attorney General

Attorney General Miyares's arguments are consistent with Eleventh Amendment jurisprudence and *Ex parte Young* doctrine. *See Litman,* 186 F.3d at 550; *see also Reed*, 598 U.S. at 234. The *Ex parte Young* doctrine instructs that a plaintiff must demonstrate that a "state officer" had a "special relation" to a "particular statute." *Ex parte Young*, 209 U.S. at 157. The plaintiff failed to do so. *See generally* ECF No. 3. Therefore, the Court concludes that the claims asserted against Attorney General Miyares in this action are barred by the doctrine of sovereign immunity. Accordingly, the Motion to Dismiss filed by the Judicial Defendants and Attorney General Miyares (ECF No. 5) is **GRANTED.**

### iv.    Failure to State a Claim: All Defendants

In his Amended Complaint, the plaintiff states that he brings this § 1983 action to redress alleged violations of his "civil, due process, and equal protection rights." ECF No. 3 at 1, 5–6. Such rights are protected by the Fourteenth Amendment. The Fourteenth Amendment provides that a state shall not "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. With respect to substantive due process claims under the Fourteenth Amendment, this Court has explained:

> The substantive component of the Due Process Clause "bar[s] certain government actions regardless of the fairness of the procedures used to implement them." Thus, "the touchstone of due process is the protection of the individual against arbitrary action of government." Generally, an act must "shock the conscience" in order to constitute a violation of substantive due process.

---

Miyares's sovereign immunity argument. ECF No. 22 at 1–25; ECF No. 27 at 1–10.

*Gedrich v. Fairfax Cnty. Dep't of Family Servs.*, 282 F. Supp. 2d 439, 459–60 (E.D. Va. 2003) (alteration in original) (citations omitted). Procedural due process claims require a plaintiff to "demonstrate that 'there exists a liberty or property interest which has been interfered with by the State' and that 'the procedures attendant upon that deprivation' were constitutionally deficient." *Id.* at 466 (quoting *Barefoot v. City of Wilmington*, 306 F.3d 113, 124 (4th Cir. 2002)).

The Equal Protection Clause of the Fourteenth Amendment provides that "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. "To succeed on an equal protection claim, a plaintiff must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." *Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001). The next step is to determine whether any such disparity is warranted. *Id.*

In their respective dismissal motions, the Judicial Defendants, Attorney General Miyares, and Defendants Wooten, Chiusano, Smith, and Griffin argue that (i) the plaintiff's Amended Complaint fails to allege facts sufficient to state any plausible due process claims or equal protection claims under § 1983; and (ii) such claims must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). ECF No. 6 at 13–14; ECF No. 14 at 8–11; ECF No. 18 at 10; ECF No. 21 at 7–10.

As noted above, the Court is required to liberally construe complaints filed by *pro se* litigants; however, this requirement does not excuse a *pro se* plaintiff of his

18

obligation to state a plausible claim for relief and does not transform the Court into the *pro se* plaintiff's advocate. *Jackson*, 2022 WL 982361, at *2. After reviewing the Amended Complaint, the dismissal motions, and all related briefing, the Court finds that the factual allegations asserted against the Judicial Defendants, Attorney General Miyares, and Defendants Wooten, Chiusano, Smith, and Griffin, liberally construed, fall far short of stating any plausible due process claims or equal protection claims. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that "mere conclusory statements . . . do not suffice" to survive a motion to dismiss); *see also Gedrich*, 282 F. Supp. 2d at 459–60, 466; *Morrison*, 239 F.3d at 654. Accordingly, the Motions to Dismiss filed by the Judicial Defendants, Attorney General Miyares, and Defendants Wooten, Chiusano, Smith, and Griffin (ECF Nos. 5, 13, 17, and 20) are **GRANTED** on this additional basis.[9]

## III.   THE PLAINTIFF'S MOTION TO AMEND

In his Motion to Amend, the plaintiff alleges that following an October 25, 2023 hearing in his state court divorce proceeding, Judge Randall D. Smith ("Judge Smith") found the plaintiff to be in "contempt of court." ECF No. 39 at 1–3. As a result, the plaintiff was jailed for a period of time. *Id.* The plaintiff claims that these events were "illegal and unjust." *Id.* at 1. The plaintiff seeks permission to amend the operative complaint in this action to add "RICO claims" and to include Judge Smith as an additional defendant. *Id.* at 2. It appears that the plaintiff also seeks to add

---

[9] Because the Court dismisses this action for the reasons set forth above, the Court need not address the alternative dismissal arguments set forth in the defendants' various dismissal motions.

fraud-related claims to this lawsuit. *Id.* at 2–3. Additionally, the plaintiff asserts that this lawsuit "has attracted the attention of several interested parties[,] who are now collectively working on a class action whistleblower RICO complaint" and may wish to be added as plaintiffs to the instant action. *Id.* at 4.

Fed. R. Civ. P. 15(a) governs amendments to pleadings prior to trial. The rule authorizes a party to file an amended complaint once, as a matter of course, within 21 days after service of process or within 21 days after service of a responsive pleading. Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The rule states that leave to amend "should [be] freely give[n] . . . when justice so requires"; however, leave to amend may be denied "when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." *Id.*; *see Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006); *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Here, the plaintiff's Motion to Amend must be analyzed pursuant to Fed. R. Civ. P. 15(a)(2). As an initial matter, the plaintiff did not attach a proposed amendment to his Motion to Amend. For this reason alone, the plaintiff's motion should be denied. *Williams v. Wilkerson*, 90 F.R.D. 168, 170 (E.D. Va. 1981) (explaining that as a general rule, "when [a] plaintiff seeks leave to amend his complaint under Rule 15(a), or any other pleading, a copy of the proposed amended pleading . . . must be attached to the motion").

Additionally, based on a review of the intended amendments discussed in the plaintiff's motion, the Court finds that such amendments would be futile. For example, the Court finds that any claims that the plaintiff seeks to assert against Judge Smith would also be barred by the doctrine of judicial immunity. *See supra* Part II.B.i. Additionally, the Court finds that the plaintiff has not adequately alleged facts sufficient to state a plausible RICO claim or fraud claim against any defendant. *See US Airline Pilots Ass'n v. AWAPPA, LLC*, 615 F.3d 312, 318 (4th Cir. 2010) (summarizing the elements of a RICO claim); *Mizell v. Sara Lee Corp.*, No. 2:05-cv-129, 2005 WL 1668056, at *6 (E.D. Va. June 9, 2005) (summarizing the elements of a fraud claim under Virginia law). Finally, the Court finds that the plaintiff has not adequately justified his request to add unidentified plaintiffs to this action, and the plaintiff, who is not a licensed attorney, would not be able to represent the interests of a class on a *pro se* basis. *See Noah v. AOL Time Warner Inc.*, 261 F. Supp. 2d 532, 537 (E.D. Va. 2003) (explaining that "a *pro se* litigant[] may not pursue his claims as a class action for the obvious and sensible reason that a *pro se* plaintiff is simply not equipped by reason of training or experience to take on the responsibility of litigating the claims of others").

Accordingly, the plaintiff's Motion to Amend (ECF No. 39) is **DENIED.**

## IV.    CONCLUSION

For the reasons set forth above, Defendant Smith and Defendant Griffin's Motion for Leave to File Untimely Reply (ECF No. 33) is **GRANTED**; the four Motions to Dismiss (ECF Nos. 5, 13, 17, and 20) are **GRANTED**; the plaintiff's Motion to Amend (ECF No. 39) is **DENIED**; and this civil action is **DISMISSED.**

The plaintiff may appeal this Memorandum Dismissal Order by forwarding a written notice of appeal to the Clerk of the United States District Court, Norfolk Division, 600 Granby Street, Norfolk, Virginia 23510. The written notice must be received by the Clerk within 30 days of the date of entry of this Memorandum Dismissal Order. If the plaintiff wishes to proceed *in forma pauperis* on appeal, the application to proceed *in forma pauperis* shall be submitted to the Clerk of the United States District Court, Norfolk Division, 600 Granby Street, Norfolk, Virginia 23510.

The Clerk is **DIRECTED** to please docket this Memorandum Dismissal Order in the Court's electronic filing system and to forward copies of this Order to Plaintiff Aldo DiBelardino and to all counsel of record.[10]

**IT IS SO ORDERED.**

/s/

Jamar K. Walker
United States District Judge

Norfolk, Virginia
March 4, 2024

---

[10] The Court previously granted an E-Noticing Registration Request filed by the plaintiff. Accordingly, when this Memorandum Dismissal Order is docketed, all individuals who have registered to receive electronic filings in this case, including the plaintiff, will receive an automatically generated e-mail message from the Court's electronic filing system containing a Notice of Electronic Filing, with a hyperlink to this Memorandum Dismissal Order.